| | AUSA: | Gjon Juncaj | Telephone: (313) 226-0209 |
|---|---|---|---|
| | Officer: | Jason Armstrong | Telephone: (313) 394-5448 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
v.

Tino BROWN

Case No.

Case: 2:25−mj−30329
Assigned To : Unassigned
Assign. Date : 5/20/2025
Description: CMP USA v Brown (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 8, 2025 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

On or about May 8, 2025, in the Eastern District of Michigan, Southern Division, Tino BROWN, an alien from Bahamas was found in the United States after having been denied admission, excluded, deported, and removed there from on or about October 22, 2019, and not having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_____
Complainant's signature

Jason Armstrong, Deportation Officer
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: May 20, 2025

_____
Judge's signature

City and state: Detroit, MI

Anthony Patti, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Jason Armstrong, declare the following under penalty of perjury:

1. I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) of the United States Department of Homeland Security (DHS) at the Detroit Field Office. I have been employed in this capacity since September 2017. I am currently assigned to the Detroit ICE/ERO Criminal Alien Program. Previously, I served as an Investigative Analyst with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for approximately two years and as a Correctional Officer with the Bureau of Prisons (BOP) for approximately five years.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and an arrest warrant for Tino BROWN, a native and citizen of Bahamas, who has violated Title 8, United States Code, Section 1326(a), unlawful re-entry following removal from the United States.

3. The information contained in this affidavit is based upon my personal knowledge and observations, information provided by other law enforcement personnel to include ICE/ERO Deportation Officers, and database record checks. I have also reviewed records from the official immigration file and system automated data relating to BROWN. I have not included every fact known to law enforcement related to this investigation.

## PROBABLE CAUSE

4. BROWN is a thirty-one-year-old citizen and a native of Bahamas who last entered the United States on an unknown date, at an unknown place, without being inspected and admitted or paroled by an immigration officer.

5. On April 19, 2012, the Detroit Police Department in Detroit, Michigan arrested BROWN for the offense of assault excluding sexual.

1

6. On June 29, 2012, the 36th District Court in Detroit, Michigan convicted BROWN for violation of aggravated assault and sentenced him to twelve (12) months' probation.

7. On December 1, 2016, the Mantee County Sheriff's Office in Floridia arrested BROWN for the offense of grand theft of firearms, sales possession manufacturing or possession with intent, opium or delivery/sell (x4), hallucinogen manufacture, and drug possession.

8. On March 8, 2017, the Manatee County Court in Florida convicted BROWN for violation of sale or delivery of marijuana (x4), and sale or delivery of cocaine, and sentenced him to ninety (90) days confinement and eighteen (18) months' probation.

9. On April 18, 2017, ICE encountered BROWN at or near Tampa, Florida and served him Form I-862; Notice to Appear.

10. On May 9, 2017, an Immigration Judge (IJ) ordered BROWN removed from the United States to the Bahamas.

11. On July 11, 2017, ICE removed BROWN from the United States.

12. On September 7, 2019, U.S. Customs and Border Protection (CBP) encountered BROWN at or near Miami, Florida and served him Form I-862; Notice to Appear.

13. On September 18, 2019, an IJ ordered BROWN removed from the U.S. to the Bahamas.

14. On October 22, 2019, ICE removed BROWN from the United States.

15. On May 6, 2025, the Detroit Police Department in Detroit, Michigan arrested BROWN for the offense of obstructing judiciary or congress or legislature or commission, and fraudulent activities. This incident involved BROWN providing false information to law enforcement officers when they asked to identify himself as part of their official investigation. Furthermore, when law enforcement officers attempted to detain BROWN, he actively resisted arrest by law enforcement officers. This case is currently pending disposition.

16. On May 7, 2025, the Detroit Detention Center (DDC) notified ICE of BROWN being in custody pending criminal charges after the DDC received notification from ICE's Pacific Enforcement Response Center (PERC) BROWN lacked lawful immigration status. The same day, the PERC placed an ICE Detainer against BROWN with the DDC.

17. On May 8, 2025, the DDC notified ICE of BROWN being released from their custody. The same day, ICE transferred BROWN from the DDC into ICE custody.

18. The arrest and subsequent detention of BROWN was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

19. BROWN's fingerprints and photographs were captured and searched in the ICE/FBI systems. The fingerprints returned with a positive match for Tino BROWN, a native and citizen of Bahamas who had previously been removed from the United States.

20. A review of BROWN's immigration file, record checks, and queries in the U.S. Department of Homeland Security databases confirmed that BROWN did not obtain the permission or express consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States following his removal on October 22, 2019.

21. On May 8, 2025, ICE/ERO served BROWN with Form I-871, Notice of Intent/Decision to Reinstate Prior Order.

## CONCLUSION

22. Based on the above information, I believe there is probable cause to conclude that Tino BROWN is native and citizen of Bahamas who was previously removed from the United States on or about October 22, 2019, at or near Miami, Florida, and was thereafter found by immigration authorities in the United States, on or about May 8, 2025, in the Eastern District of Michigan,

3

without having obtained the express consent or permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, all in violation of Title 8, United States Code, Sections 1326(a).

_____
Jason Armstrong, Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me in my
presence and/or by reliable electronic means.

_____
**Honorable Anthony Patti**
United States Magistrate Judge

May 20, 2025

4